IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| KENNETH H. WHITE and<br>DORIS K. WHITE, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | )     No. 3:05-CV-303<br>) |
| SWIFT TRANSPORTATION<br>CORPORATION, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

This civil action is before the court consideration of "Swift Transportation Corporation's Motion for Summary Judgment" [doc. 6] and plaintiffs' "Motion to Amend Complaint" [doc. 9]. Responses to the motions have been filed [docs. 7,11], and oral argument was heard on November 9, 2005. Both motions are ripe for the court's consideration.

For the reasons stated herein, Swift Transportation Corporation's motion for summary judgment will be granted. Plaintiffs' motion to amend the complaint will be denied.

*Background*

The accident that is the basis of this lawsuit occurred on September 7, 2002. The plaintiffs allege that their son, Greg Harold White, was driving a 1997 Saturn automobile, in which plaintiff Kenneth White was a passenger, on Interstate 40 ("I-40") in Cumberland County, Tennessee; that a Swift Transportation Corporation tractor trailer being driven by defendant John Doe struck the Saturn vehicle causing it to leave the road; and that Kenneth White sustained serious injuries and the Saturn was heavily damaged.

On September 3, 2003, the plaintiffs and their son filed suit in Loudon County, Tennessee Circuit Court. They named as defendants Swift Transportation Co., Inc., Swift Transportation Corporation, and John Doe. On June 7, 2004, an order of voluntary dismissal was signed by the state circuit judge, and the order was entered June 8, 2004.

On May 17, 2005, plaintiffs filed a second lawsuit in Loudon County Circuit Court that was removed to this court on June 17, 2005, by defendant Swift Transportation Corporation. The basis for jurisdiction in this court is diversity of citizenship and amount in controversy. Plaintiffs' son and Swift Transportation Co., Inc., parties in the first lawsuit, are not parties in this case.

II.

*Swift Transportation Corporation's*
*Motion for Summary Judgment*

A. <u>Standard of Review</u>

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Celotex Corp.,* 477 U.S. at 323, 106 S. Ct. at 2553. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S. Ct. at 2554.

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec.*

3

*Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports the complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11, 91 L. Ed. 2d 202 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Liberty Lobby,* 477 U.S. at 255, 106 S. Ct. at 2513.

## B. Analysis

Swift Transportation Corporation contends that it is entitled to summary judgment because it does not own or operate tractor trailer rigs and it does not employ tractor trailer drivers. Thus, the tractor trailer that allegedly forced plaintiffs' car off the interstate was not owned by Swift Transportation Corporation, and the John Doe driver of that tractor trailer was not an employee of Swift Transportation Corporation.

In support of its motion, Swift Transportation Corporation has provided the affidavit of Dennis Ritchie who is Vice President of Safety for Swift Transportation Corporation and was at the time of the subject accident. He states that Swift Transportation Corporation is a Nevada corporation that employs management and administrative employees but does not employ any drivers that operate tractor trailer trucks and/or rigs or other vehicles

4

in interstate commerce. Mr. Ritchie further states that Swift Transportation Corporation does not own any tractor trailer trucks/or rigs and/or any other vehicles that are operated in interstate commerce. The last paragraph of his affidavit states: "Swift Transportation Corporation did not own any tractor trailer truck or rig which was operating in Cumberland County, Tennessee on September 7, 2002, nor did it employ any person who was operating any tractor trailer truck or rig in Cumberland County, Tennessee on September 7, 2002."

In response to the motion for summary judgment, plaintiffs have submitted an unverified document they refer to as "Swift's 10-Q Form" and the affidavit of their counsel, Dan Channing Stanley ("Attorney Stanley"). The affidavit recounts Attorney Stanley's efforts prior to filing the second lawsuit to obtain information concerning the identity of the driver of the tractor trailer allegedly involved in the accident and his inability to do so. Plaintiffs contend that because this information was not available to them, Swift Transportation Co., Inc. should be substituted for Swift Transportation Corporation. They also make several arguments regarding the alleged connection between different Swift Transportation entities and claim that the truck driver was "at minimum, an ostensible agent of Swift."

Swift Transportation Corporation filed a supplement to its motion for summary judgment [doc. 8] that includes a second affidavit from Dennis Ritchie. In this second affidavit, Mr. Ritchie states that the Form 10-Q submitted by plaintiffs is for Swift Transportation Company, Inc., a Nevada corporation and the parent corporation of Swift

Transportation Co., Inc.; that Swift Transportation Co., Inc. is an Arizona corporation that owns the trucks that operate in the continental United States; and that Swift Transportation Corporation is a Nevada corporation that does not employ drivers and does not employ or contract with "owner operators" of any tractor trailer rigs owned by or bearing the logo of Swift Transportation Co., Inc.

Mr. Ritchie also stated that in the first lawsuit, plaintiffs named as a defendant Swift Transportation Co., Inc. and identified it as an Arizona corporation authorized to do business in Tennessee and that they named Swift Transportation Corporation and identified it as a Nevada corporation authorized to do business in Tennessee. Mr. Ritchie concludes that plaintiffs knew the difference between the two entities when the first lawsuit was filed; however, for unknown reasons, in the second lawsuit they did not sue Swift Transportation Co., Inc., the Arizona corporation and owner of the Swift Transportation tractor trailers. He also affirms again that Swift Transportation Corporation did not own the tractor trailer allegedly involved in the subject accident and did not employ the driver of that tractor trailer on the date of the accident, September 7, 2002.

Swift Transportation Corporation has presented affirmative and competent evidence that it did not own the tractor trailer that was allegedly involved in the accident and did not employ the driver of that vehicle. In contrast, plaintiffs have presented no evidence that raises a material issue of fact concerning this evidence. The affidavit of plaintiffs' counsel does not place at issue the ownership of the tractor trailer or employment of the

6

driver, so it does not help plaintiffs survive summary judgment. In addition, as observed by defense counsel at the hearing, there is nothing beyond the allegations in the complaint that the truck involved in the accident was a Swift Transportation vehicle. Plaintiffs have not submitted any affidavits that affirmatively establish that the truck at issue bore a Swift Transportation logo and that challenge the ownership of the truck and employment of the driver.

The "Form 10-Q" attached to plaintiffs' response also fails to create a material issue of fact. This "Form" is not before the court as properly verified evidence; it is simply attached to plaintiffs' response without any authentication. When ruling on a motion for summary judgment, the court may consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Fed. R. Civ. P. 56(c). "Other exhibits may be admitted into evidence and considered if the exhibits are properly authenticated and attached to an affidavit." *Guzman v. Denny's Inc.*, 40 F. Supp. 2d 930, 935 n.3 (S.D. Ohio 1999).

In addition, the conclusory and unsubstantiated arguments that plaintiffs make concerning the alleged relationship among the Swift Transportation entities are not supported by citation to evidence in the record. "To preclude summary judgment, the nonmoving party must present evidence, beyond his pleadings and his own conclusory statements, to establish the existence of specific triable facts." *Maki v. Laakko*, 88 F.3d 361, 364 (6th Cir. 1996). When faced with a summary judgment motion, "the nonmoving party may not rest upon the

7

pleadings but must go beyond the pleadings and 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Johnson v. City of Cincinnati*, 119 F. Supp. 2d 735, 739 (S.D. Ohio 2000) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). Plaintiffs have not done this.

Furthermore, business entities are free to create corporate and company structures that perform different functions and own different assets. The fact that there are multiple Swift Transportation entities does not create a material issue of fact concerning the ownership of the subject tractor trailer truck. Plaintiffs have provided no affirmative evidence to challenge and place at issue the sworn statements in Mr. Ritchie's affidavits concerning that ownership.

## III.

### *Plaintiffs' Motion to Amend the Complaint*

On September 22, 2005, plaintiffs filed a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(c). In it they ask the court "to amend the Complaint to substitute Swift Transportation Company, Inc. as party defendant in lieu of Swift Transportation Corporation, and further, that the amendment relate back to the date of the filing of the original complaint on May 17, 2005." In support of this motion, plaintiffs submitted the affidavit of their counsel, Attorney Stanley. In his affidavit, Attorney Stanley states that he contacted counsel for Swift Transportation Corporation and Swift

8

Transportation, Inc. to obtain information concerning the Swift vehicles and drivers that were operating on I-40 in Cumberland County, Tennessee on September 7, 2002; however, defense counsel informed him that such information would not be provided unless suit was filed.

In response to plaintiffs' motion, Swift Transportation Corporation points out that in the first lawsuit, plaintiffs and their son sued both Swift Transportation Corporation and Swift Transportation Co., Inc., the entity they now want to substitute for the defendant in this case. Swift Transportation Corporation also argues, as it did in support of its motion for summary judgment, that paragraph 13 of the answer to the complaint in the first lawsuit states as follows:

> 13. For affirmative defense, Swift Transportation Corporation avers that Plaintiffs' Complaint fails to state a claim against Swift Transportation Corporation for which relief can be granted in that Swift Transportation Corporation is a Nevada corporation which employs management and administrative employees, but does not employ any drivers. Wherefore, Swift Transportation Corporation prays to be hence dismissed from this litigation.

Therefore, Swift Transportation Corporation argues that when plaintiffs filed the second lawsuit naming only Swift Transportation Corporation, they were on notice that Swift Transportation Corporation does not employ drivers and did not employ drivers on the date of the accident, September 7, 2002. However, in light of this information, plaintiffs chose for whatever reason not to sue Swift Transportation Co., Inc. in the second lawsuit, as they did in the first. Thus, Swift Transportation Corporation argues that plaintiffs' attempt

9

to claim that information concerning the identity of the John Doe driver was kept from them by defense counsel is without merit.

Federal Rule of Civil Procedure 15(c) states:

**Relation Back of Amendments**.  An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, **and** (B) **knew or should have known that, but for a mistake concerning the identity of the proper party**, the action would have been brought against the party.

Fed. R. Civ. P. 15(c) (emphasis added).

"Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B)." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *In re Kent Holland Die Casting & Plating, Inc*., 928 F.2d 1448, 1449-50 (6th Cir. 1991); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)).   Sixth Circuit precedent also holds that "an amendment which adds a new party creates a new cause of

action and there is no relation back to the original filing for purposes of limitations."

*Marlowe*, 489 F.2d at 1064.

> Typically, Rule 15(c) has been applied to situations where the plaintiff mistakenly named the wrong party, was unaware of the defendant's proper name, or was unaware of defendant's existence at the time the original complaint was filed. However, **relation back is improper where plaintiff could have discovered the identity of the defendant through due diligence or knew of the defendant but failed to name him within the limitation period**.

*King v. Nation*, Nos. 89-6113, 89-6114, 1990 WL 170424, at *2 (6th Cir. Nov. 6, 1990) (citations omitted) (emphasis added).

There is no question that the statute of limitations on plaintiffs' claims has expired; it did so on September 7, 2003. The second lawsuit was filed on May 17, 2005, just prior to the expiration on June 7, 2005, of the one-year time limit for the savings statute under Tennessee law. Tenn. Code Ann. § 28-1-105.

However, this is not a case of misnomer or mistaken identity, and plaintiffs have offered no argument or evidence that it is. Rather, plaintiffs are attempting to bring in a new defendant after the statute of limitations has run. Plaintiffs knew about Swift Transportation Co., Inc. when they filed the first lawsuit and have not explained why they failed to name it as a defendant in this case. Prior to initiation of this lawsuit, plaintiffs were on notice that Swift Transportation Corporation employs only management and administrative employees, not drivers. The two separate corporate entities were known to plaintiffs prior to initiating the second lawsuit, and there is no showing that they mistakenly

11

named the wrong party or were unaware of the correct name of the proper party defendant. Because they cannot meet the requirements of Rule 15(c)(3)(B), relation back does not apply to make the amendment timely.

Plaintiffs also claim in essence that counsel for the Swift Transportation entities kept information from them concerning the tractor trailers and drivers that would have been on I-40 on the date and time of the accident. Plaintiffs' counsel was told such information would not be provided unless suit was filed.[1]

However, the Swift Transportation entities had no obligation to assist the plaintiffs with the preparation of their lawsuit. *See Lee v. Toshiba Mach. Co. of America*, 804 F. Supp. 1029, 1035 (E.D. Tenn. 1992). In addition, there is no indication from the record that counsel for the Swift Transportation entities did anything improper in refusing to provide this information. All plaintiffs had to do was refile their same lawsuit and name Swift Transportation Co., Inc. as a defendant. This is the procedure required by the Tennessee savings statute. *See Turner v. Aldor Co. of Nashville, Inc*., 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991) (For savings statute to apply, new and original complaints must be for substantially the same cause of action and there must be an identity of parties for new and original complaints to be substantially the same.). The information plaintiffs claim was not provided to them in no way prevented them from refiling their complaint against the original

_____

[1] At oral argument, defense counsel pointed out that the letter plaintiffs' counsel wrote to him concerning this information was dated January 19, 2005, but the plaintiffs did not file the second complaint until May 17, 2005. He also pointed out that the caption of the letter referenced both of the Swift entities that were sued in the first lawsuit.

defendants.  There is always a certain risk in filing a complaint just before expiration of the statute of limitations and in voluntarily dismissing a case and refiling under the savings statute.  Unfortunately, Rule 15(c)(3) affords no relief for plaintiffs in this case.

Accordingly, for the reasons stated herein, the motion for summary judgment filed by Swift Transportation Corporation will be granted, and that defendant will be dismissed.  Plaintiffs' motion to amend the complaint will be denied.   An order reflecting this opinion will be entered.

ENTER:


_____s/ Leon Jordan_____
United States District Judge

14